R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second
Floor Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL KELLEY,<br><br>                 Plaintiff,<br><br>     v.<br><br>KENNETH PARK ARCHITECT PLLC,<br><br>                 Defendant. | **Case No.:** |

**COMPLAINT AND JURY DEMAND**

The plaintiff Michael Kelley ("Plaintiff"), by his undersigned attorneys, Rath, Young and Pignatelli, P.C., for his complaint against the defendant Kenneth Park Architect PLLC ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), and 501.

2.      Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is an individual doing business as a professional photographer with an address at 1129 Maricopa Highway, Ojai, California, 93023.

4. Upon information and belief, Defendant is a company registered in New York as a domestic professional service limited liability company, with a principal place of business at 360 Lexington Avenue, New York, New York 10017.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendants is proper. Defendants are conducting business in and committing torts in this state, including without limitation Defendants' copyright infringement, which causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Plaintiff's Business**

8. Plaintiff is a professional photographer based in Los Angeles who is celebrated for his treatment of architecture. He has won numerous awards, including being named among the "200 Best Ad Photographers Worldwide" by Luerzer's Archive as well as having his work recognized "Best Images" in *Digital Camera World*. His work has been featured in SFO Museum, Now Museum, *Virginia Quarterly Review*, *Professional Photographer Magazine*, *Los Angeles Magazine*, *Fast Company*, *European Photography*, *Fortune*, and *The Atlantic*, among

many others.

9. Plaintiff has established a significant and valuable reputation through the success of his many works.

10. In the spring of 2021, Plaintiff was commissioned by the luxury design brand Christian Louboutin to photograph its Beverly Hills retail space, a public building at 9700 Wilshire Boulevard.  Plaintiff created a number of images of the inside and outside of the Wilshire Boulevard for Christian Louboutin to use for promotional purposes.  Samples of the images are attached hereto as Exhibit A and are referred to herein as the "Copyrighted Works."

11. Plaintiff's contract with Christian Louboutin provides for usage by Christian Louboutin only and any third-party usage requests must be arranged with Plaintiff.  A copy of that contract is attached hereto as Exhibit B.

12. Plaintiff obtained a certificate of registration from the United States Copyright Office for the Copyrighted Works, Registration No. VA 2-285-365, with an effective date of registration of January 10, 2022, a copy of which is attached hereto as Exhibit C.

13. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Works.

**B.  Defendant's Unlawful Activities**

14. Defendant is an architectural firm that owns and operates the website https//kennethpark.com ("Defendant's Website") where it promotes its architectural services.  Plaintiff discovered that Defendant was using the Copyrighted Works at Defendant's Website and thus infringing Plaintiff's exclusive copyrights in the Copyrighted Works.  Screenshots of the Infringing Use are attached hereto as Exhibit D.

15. In January of 2021, Plaintiff sent an email to Defendant stating that he was happy that Defendant liked the Copyrighted Works enough to use them but noted a license fee must be

paid for such commercial use.  Defendant inquired as to the amount of the licensing fee and was told it was $3,900 for the eleven images used.  Defendant refused to pay a licensing fee, stating that it had permission from the company that had commissioned the photoshoot.  Attached hereto as Exhibit E is the January 2021 correspondence between Plaintiff and Defendant.

16. Plaintiff engaged the services of a third-party company to attempt to obtain a licensing fee from Defendant for Defendant's use of the Copyrighted Works.  Defendant continued its refusal to pay a licensing fee, forcing Plaintiff to obtain the undersigned counsel to initiate this lawsuit.

17. Defendant's reproduction, distribution, and public display of the Copyrighted Works is without Plaintiff's permission and was conducted with full knowledge that it did not have such permission from Plaintiff.

18. For Defendant, a sophisticated architectural firm familiar with copyright law, to assert it did not need a license from Plaintiff demonstrates a reckless disregard for Plaintiff's copyrights or willful blindness to Plaintiff's copyrights that amounts to willful infringement.

19. Defendant's unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Works are thus knowing and willful under the law.

**CLAIM FOR RELIEF**
**(Direct Copyright Infringement)**

20. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

21. The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

22. As the author of the Copyrighted Works, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

23. As a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Unique Homes' infringing works.

24. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work.

25. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

26. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights in the Copyrighted Works, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Copyrighted Works without paying licensing fees, in an amount to be proven at trial.

27. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Unique Homes' profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

28. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed, either directly or indirectly, Plaintiff's copyrights in the Copyrighted Work under the Copyright Act;

2. A declaration that such infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper;

4. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

5. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

6. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Works or to participate or assist in any such activity; and

7. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  April 1, 2022

Respectfully submitted,

By: /s/ R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 410-4338
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*