Kenneth Park Architect PLLC
360 Lexington Avenue, 7th Floor
New York, NY 10017

June 17, 2022

The Honorable Katharine Polk Failla
District Judge
United States Courthouse
40 Foley Square
New York, NY 10007



RE: Civil case 1:22-cv-02712 Kelley v. Kenneth Park Architect PLLC

Dear Honor Failla;

Pursuant to your request, we would like to take a few minutes of your time to introduce our firm, discuss the allegations brought before us, and hopefully share our feelings on why we feel this case should be dismissed.

Kenneth Park Architect PLLC is a retail architect firm that has been operating in the NYC area since 1989. We have worked with hundreds of clients on thousands of jobs during that period. We are a privately minority owned business who only markets directly to our clients. As is common with most in the design industry as the architect of record of a particular project we are entitled to retain the imagery and photography of our proprietary commercial work. In late 2020 and early 2021 we designed and completed a few stores for retailer Christian Louboutin. When the project was completed we were informed by Julian Wu and Anthony Di Paolo of Christian Louboutin that they had photos taken of the store. We asked if we could have a copy of the photos to use for our website portfolio which they subsequently shared with us via a dropbox email.

On January 19, 2022, Mr. Kelley reached out to us informing us he was the photographer of record and asking for monetary compensation for the use of the pictures. We informed him that we received these directly from our client and were contractually allowed to use them since we were the architect of record. We took the images off of our website immediately while we contacted our client Christian Louboutin. In hopes of resolving this issue we asked Mr. Kelley what his licensing fee would be to use the photos. He replied that the cost for 10 photos would be $3500 which comes out to $350 per photo. If the court could refer to exhibit B they will find the initial invoice, Mr. Kelley sent to Julian Wu of Christian Louboutin and his rate was $3680 for 14 photos or $288.58 a photo. We felt Mr. Kelley was trying to take advantage of our firm by charging us more for the use of the photo then the fee to actually take and edit the photo. We informed Mr. Kelley we would not be using his photos and they were given to us with consent from Christian Louboutin.

Our marketing is done privately through person to person contact. At no time were any of these images used in brochures, email blasts, print or social media ads. When Mr. Kelley first brought action against us we touched base with his counsel, Mr. Parker and agreed that there was a misunderstanding between Christian Louboutin and Mr. Kelley not us. If we were told the photographer needs consent to share our proprietary design and work with us then we would have. Mr. Parker agreed with me that this case is not worth taking up the courts time or wasting and that we should resolve this out of court. We

made an offer to Mr. Parker on behalf of his client in the amount of $2500 for the licensing agreement of the photos. We never heard back until we received the notice of initial pretrial conference.

Your honor, I am sorry we have to take up your time with a case like this. We ask the court to please dismiss this case. We were given the photos from our client with consent that we could use them. Again they are photos of our design work which we are the architect of record on the project. We understand there was a miscommunication between Mr. Kelley and our client. We removed the images the same day Mr. Kelley notified us while we sorted this out and we tried to make a remedy offer with Mr. Kelley which was ignored. Our small business has been operating for over 30 years because of our integrity and reputation.

It has been brought to our attention that Mr. Parker has requested an adjournment. We would like to proceed with the call on June 22, 2022. We have not retained a counsel at this time because we believe after you review the history and hear both sides you will realize that no crime was committed and you can dismiss this case. If Mr. Kelley has a claim it might be with our common client. We were told we could use the photos and once we heard there was an issue we took them down.

Thank you for your time.

*Edward D. Randolph*

Edward D. Randolph
Associate
Director of Operations
Kenneth Park Architect PLLC
www.kennethpark.com
212-599-0044

The Court is in receipt of Plaintiff's June 16, 2022 letter (Dkt. #8) and Defendant's above letter.

In the future, Defendant is directed to submit any *pro se* filings to the Pro Se Intake Office, which can be contacted at (212) 805-0715.

That said, Defendant cannot proceed *pro se* in this case.  The Second Circuit and its sister Circuits uniformly have held that the provisions of 28 U.S.C. § 1654 prohibit a non-attorney individual from representing a corporation in the federal courts.  *See Eagle Assocs.* v. *Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (collecting cases).  A corporate entity may "appear in the federal courts only through licensed counsel." *Rowland* v. *California Men's Colony*, 506 U.S. 194, 201-202 (1993).

To allow Defendant additional time to secure representation, the initial pretrial conference in this matter is hereby ADJOURNED to **August 18, 2022, at 10:00 a.m.**

If, in light of the relatively small difference in the parties' settlement offers, the parties are able to reach an agreement without further intervention of this Court, the parties are directed to file a letter alerting the Court to the settlement.  In that event, Defendant may forgo securing legal representation.

The Court will provide a copy of this endorsement to Defendant via email.

The Clerk of Court is directed to terminate the motion at docket entry 8.

Dated:    June 17, 2022
          New York, New York

SO ORDERED.

*Katherine Polk Failla* (signature)

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE